# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE J. SALATA,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:22-cv-00299** |
| v. | : | |
| | : | **(Judge Rambo)** |
| **KATHY BRITTAIN, et al.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Pro se Petitioner George J. Salata ("Petitioner"), who is state prisoner within the custody of the Pennsylvania Department of Corrections, is currently incarcerated at State Correctional Institution Frackville in Frackville, Pennsylvania. He has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) In his petition, he challenges his underlying state court criminal convictions and sentence, which were imposed by the Court of Common Pleas of Luzerne County, Pennsylvania in April of 2018. (Id.) For the reasons set forth below, the Court will dismiss his Section 2254 petition and deny, as moot, his pending motion to stay the proceedings in the above-captioned action.

I.     BACKGROUND

On February 7, 2022,[1] Petitioner commenced the above-captioned action by filing his Section 2254 petition and paying the requisite filing fee. (Doc. Nos. 1, 3.) On March 1, 2022, the Court issued an Administrative Order in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could (1) have the petition ruled on as filed—that is, as a Section 2254 petition for a writ of habeas corpus or (2) withdraw his petition and file one all-inclusive Section 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 4.) The Court included a Notice of Election form in its Administrative Order and directed Petitioner to elect how he would be proceeding in this action within forty-five (45) days. (Id. at 4.)

On March 24, 2022, Petitioner filed his Notice of Election form, electing to have the Court rule on his petition as filed. (Doc. No. 5 at 1.) On March 28, 2022, the Court directed the Clerk of Court to serve the petition upon Respondent Kathy Brittain, the Attorney General of the Commonwealth of Pennsylvania, and the

---

[1] Although the Court did not receive the petition until February 28, 2022, the petition is dated February 7, 2022 (Doc. No. 1 at 14) and, thus, is deemed filed as of that date. See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing (citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir.1998)).

District Attorney of Luzerne County, and ordered that Respondent file an answer, motion or other response to the petition. (Doc. No. 6.)

Following an extension of time (Doc. Nos. 11, 12), Respondent filed a response to the petition on May 20, 2022, arguing that the petition was untimely filed (Doc. No. 13). On June 9, 2022, Petitioner sought "120 days to file a traverse [sic] reply or withdraw the pending 2254[.]" (Doc. No. 14 ¶ 11.) On June 14, 2022, the Court granted that motion and directed Petitioner to file a traverse or withdraw his currently pending Section 2254 petition on or before October 12, 2022. (Doc. No. 15.) Petitioner subsequently filed two (2) motions seeking the appointment of counsel (Doc. Nos. 16, 17), both of which the Court denied on November 9, 2022. (Doc. No. 19.) Petitioner also filed a motion for an extension of time to file a traverse (Doc. No. 18), which the Court granted (Doc. No. 19). Petitioner was directed to file his traverse on or before December 27, 2022. (Id.) As reflected by the Court's docket, Petitioner has not filed a traverse or sought an extension of time to do so. Instead, he has filed a motion seeking a temporary stay of the proceedings. (Doc. No. 20 (explaining that his "appeals have not yet been exhausted in the lower courts" and, thus, he is requesting a temporary stay "until such time as he has exhausted these remedies . . . ").)

Thus, Petitioner's Section 2254 petition is ripe for disposition. For the reasons set forth below, the Court agrees with Respondent that the petition was untimely

3

filed. As a result, the Court will dismiss the petition. In addition, the Court will deny as moot Petitioner's motion to temporarily stay the proceedings.

## II.   LEGAL STANDARD

Petitions for writs of habeas corpus filed pursuant to Section 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

This limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. See 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)") (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). This limitations period may also be tolled under

the equitable tolling doctrine or the actual innocence exception, both of which must be established by the habeas petitioner.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (regarding equitable tolling); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (regarding actual innocence).

### III.  DISCUSSION

As stated above, Petitioner has petitioned the Court pursuant to the provisions of Section 2254, challenging his state court convictions and sentence that were imposed by the Court of Common Pleas of Luzerne County, Pennsylvania.  (Doc. No. 1.)  Respondent has filed a response, arguing—among other things—that the petition was untimely filed and that no exceptions to the applicable statute of limitations apply to this action.  (Doc. No. 13.)  The Court agrees with Respondent.

In his petition, Petitioner cites to the docket number of his criminal case, arising out of the Court of Common Pleas of Luzerne County, Pennsylvania, i.e., CP-40-CR-0001148-2017.  (Doc. No. 1 at 1 ¶ 1(b).)  The Court takes judicial notice of the state court's docket sheet in this case, which is available through the Unified Judicial System of Pennsylvania Web Portal at the following address: https://ujsportal.pacourts.us/CaseSearch.  See Commonwealth v. Salata, No. CP-40-CR-0001148-2017 (Luzerne Cnty. Ct. Com. Pl., filed April 3, 2017).

Following a jury trial in February of 2018, Petitioner was convicted of Aggravated Assault (causing serious bodily injury), Aggravated Assault (causing

bodily injury with a deadly weapon), and Criminal Attempt (homicide). (Doc. No. 1 at 1, ¶ 2(a) and ¶ (5)); see also Commonwealth v. Salata, 253 A.3d 267, 2021 WL 1328564, *1 (Pa. Super. Ct. 2021). Petitioner was sentenced on April 10, 2018, to an aggregate term of two-hundred and forty (240) to four-hundred and eighty (480) months' incarceration. (Doc. No. 1 at 1, ¶ (3)); Salata, 253 A.3d 267, 2021 WL 1328564, *1. Although Petitioner filed a post-sentence motion, the trial court denied that motion on August 9, 2018. See Commonwealth v. Salata, No. CP-40-CR-0001148-2017 (Luzerne Cnty. Ct. Com. Pl., filed April 3, 2017). Petitioner, however, filed an appeal. On April 29, 2019, the Pennsylvania Superior Court affirmed his judgment of sentence. See Commonwealth v. Salata, No. 1447 MDA 2018, 2019 WL 1897120 (Pa. Super. Ct. Apr. 29, 2019). Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court or a petition for a writ of certiorari with the United States Supreme Court. (Doc. No. 1 at 2 ¶ (9)(g); id. at 3 ¶ 9(h).)

Under Pennsylvania law, a defendant who has been convicted and sentenced of a crime, such as Petitioner, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, see Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, see Pa. R. Crim. P. 720(A)(2). The defendant's judgment becomes final "at the conclusion of direct

review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." See 42 Pa. C.S.A. § 9545(b)(3).

Here, the record reflects that the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on April 29, 2019. Because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, his judgment became final on May 29, 2019, the last day of the thirty (30)-day period in which he had for seeking such review. See PA. R.A.P. 1113(a) (providing that a petition for allowance of appeal to the Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order).

Consequently, the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, i.e., on May 30, 2019, and Petitioner had one year or until June 1, 2020[2] to file his Section 2254 petition in this Court. Petitioner, however, did not file his petition in this Court until February 7, 2022, approximately one year and eight (8) months after the one-year statute of limitations had already expired. Consequently, the Court finds that his petition is untimely.

---

[2] Technically, Petitioner's one-year limitations period to seek federal habeas relief expired on Saturday, May 30, 2020. Because, however, Saturdays and Sundays are excluded from the calculation of that time period, Petitioner's one-year limitations period ended the following Monday (i.e., Monday, June 1, 2020). See Fed. R. Civ. P. 6(a) (explaining that the calculation of a time period excludes the day of the event that triggers the period, and includes the last day of the period, unless it is a Saturday, Sunday, or legal holiday).

However, the Court's analysis does not end there.  The Court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception.  For the reasons discussed below, the Court finds that Petitioner is not entitled to such tolling or any relief under the actual innocence exception.

A.     **Statutory Tolling**

With respect to statutory tolling, the Court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  See 28 U.S.C. § 2244(d)(2).  Here, the record reflects that Petitioner filed a Post-Conviction Relief Act ("PCRA") petition on October 9, 2019, tolling the one-year limitations period after one-hundred and thirty-two (132) had elapsed—i.e., counting from May 30, 2019 (when the one-year limitations period initially commenced) to October 9, 2019 (when Petitioner filed his PCRA petition).  (Doc. No. 1 at 3, ¶ 11); see also Commonwealth v. Salata, No. CP-40-CR-0001148-2017 (Luzerne Cnty. Ct. Com. Pl., filed April 3, 2017).

On March 10, 2020, the trial court dismissed Petitioner's PCRA petition, and on April 9, 2021, the Pennsylvania Superior Court affirmed the trial court's dismissal.  (Doc. No. 1 at 3, ¶ 11); see also Commonwealth v. Salata, 253 A.3d 267, 2021 WL 1328564, *3 (Pa. Super. Ct. Apr. 9, 2021); Commonwealth v. Salata, No.

CP-40-CR-0001148-2017 (Luzerne Cnty. Ct. Com. Pl., filed April 3, 2017). Petitioner does not allege that he filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court (Doc. No. 1 at 3-4), and his criminal docket sheet does not reflect otherwise. See Commonwealth v. Salata, No. CP-40-CR-0001148-2017 (Luzerne Cnty. Ct. Com. Pl., filed April 3, 2017).[3]

Thus, when Petitioner filed his PCRA petition on October 9, 2019, the one-year limitations period was tolled until May 9, 2021, the last day for filing a petition for allowance of appeal to the Pennsylvania Supreme Court—i.e., counting thirty (30) days from April 9, 2021, when the Pennsylvania Superior Court affirmed the trial court's dismissal of Petitioner's PCRA petition. See PA. R.A.P. 1113(a) (providing that a petition for allowance of appeal to the Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order). As a result, the one-year limitations period set forth in Section 2244(d)(1) began to run again on the following day, i.e., May 10, 2021, and

---

[3] Although not argued by either party, it appears from Petitioner's criminal docket sheet that a petition for leave to file a petition for allowance of appeal nunc pro tunc was filed on his behalf on December 1, 2021. See Commonwealth v. Salata, No. CP-40-CR-0001148-2017 (Luzerne Cnty. Ct. Com. Pl., filed April 3, 2017). That petition, however, was not filed within the thirty (30)-day period discussed above and, further, that petition for leave was denied by the Pennsylvania Supreme Court eighteen (18) days later on December 19, 2022. See id.

continued to run uninterrupted until December 29, 2021, when the remaining two-hundred and thirty-three (233) days of the one-year limitations period expired.[4]

Consequently, because Petitioner's Section 2254 petition was not filed in this Court until February 7, 2022, the Court concludes that statutory tolling does not overcome the untimeliness of his petition. Thus, the Court turns to the question of whether the one-year limitations period set forth in Section 2244(d)(1) is subject to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.

### B.  Equitable Tolling

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt, 326 F.3d at 168). For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" See id. (quoting Pace, 544 U.S. at 418). Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner

---

[4]  As discussed above, one-hundred and thirty-two (132) days of the one-year limitations period had elapsed between May 30, 2019 (when the period initially commenced), and October 9, 2019 (when Petitioner filed his PCRA petition). Thus, there were still two-hundred and thirty-three (233) days of the one-year limitations period that remained.

"has timely asserted his rights mistakenly in the wrong forum." See id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

The Court, having carefully reviewed this matter, finds that Petitioner has not met his burden to demonstrate that equitable tolling is warranted here. More specifically, Petitioner has neither alleged nor shown any factual basis upon which the Court could conclude that he diligently pursued his rights and that some extraordinary circumstance stood in his way, thus preventing him from timely filing the instant petition in this Court. Moreover, it has long been recognized that "[m]ere excusable neglect is not sufficient" to rise to the level of an extraordinary circumstance. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 n.16 (3d Cir. 2013) (noting that claims of "excusable neglect . . . such as attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling (citation and internal citation and quotation marks omitted)).[5] Thus, the Court turns to whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.

---

[5] At most, Petitioner has argued, in the "TIMELINESS OF PETITION" section of his Section 2254 petition, as follows: "Direct appeal concluded April 2019, PCRA filed October 2019, concluded April 9, 2021." (Doc. No. 1 at 13.) As discussed above, however, statutory tolling does not overcome the untimeliness of his habeas petition.

11

C.    **Actual Innocence**

The Court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" See McQuiggin, 569 U.S. at 394-95 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Thus, relief under this exception is exceedingly rare, see id. at 386, and the standard for establishing actual innocence is an exacting one.  See id. at 401.  The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  See Schlup, 513 U.S. at 324.  Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  See McQuiggin, 569 U.S. at 386 (quoting Schulp, 513 U.S. at 329).

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schulp, 513 U.S. at 324; Sistrunk v. Rozum, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "Schlup sets a supremely high bar").  Thus, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the

12

petitioner." See id. at 191 (citations omitted).  All three of these factors are necessary for a habeas corpus petitioner to be entitled to relief under the actual innocence exception.  See id.  And if ultimately proven, this exception "serves as a gateway through which a petitioner may pass" even though the statute of limitations has expired.  See McQuiggen, 569 U.S. at 386.

Accordingly, in order for Petitioner to have demonstrated that he was entitled to pass through this gateway exception based upon his actual innocence, he was required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted.  The Court, having carefully reviewed this matter, ultimately finds that Petitioner has not made this threshold showing.  In fact, from what the Court can discern, Petitioner has not asserted actual innocence, much less shown actual innocence.

Instead, he appears to base his various assertions on counsel's ineffectiveness in failing to challenge: (a) photographs of the crime scene; (b) the allegedly illegal search of his home and cell phone, as well as the victim's phone; (b) the failure to present character witnesses; and (d) the failure to challenge the lack of evidence or the excessive sentence.  (Doc. No. 1 at 5-9.)  However, "actual innocence requires a showing of factual innocence, not mere legal insufficiency."  See Sweger v. Chensey, 294 F.3d 506, 523 (3d Cir. 2002) (citation omitted); Bousley v. United

States, 523 U.S. 614, 623 (1998) (stating that "[i]t is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency"); Saunders v. Asure, No. 13-cv-03056, 2015 WL 3737166, at *3 n.2 (M.D. Pa. June 15, 2015) (noting that the Section 2254 petitioner's claims concerning his criminal complaint were based on legal insufficiency and not factual innocence and, thus, the actual innocence exception did not apply).

Thus, for all of these reasons, the Court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. See House v. Bell, 547 U.S. 518, 538 (2006) (stating that "it bears repeating that the Schlup standard is demanding and permits review only in the extraordinary case" (citations omitted)).

## IV. CONCLUSION

To conclude, the Court will dismiss the instant Section 2254 petition. (Doc. No. 1.) In addition, the Court will deny, as moot, Petitioner's motion to stay the proceedings. (Doc. No. 20.) Finally, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling"). An appropriate Order follows.


Dated: May 24, 2023                                   s/ Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge